### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NFINITECH SOLUTIONS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-21-177-D |
| | ) |
| ROCK LEDGE GROUP, INC, | ) |
| | ) |
| Defendant. | ) |

## O R D E R

Upon examination of the Complaint, the Court finds insufficient factual allegations to establish the existence of subject matter jurisdiction under 28 U.S.C. § 1332(a), as asserted by Plaintiff.[1]   Plaintiff identifies itself as an Oklahoma limited liability company and states its principal place of business is Oklahoma.  For purposes of citizenship, however, a limited liability company is not treated like a corporation under § 1332(c)(1), but like an unincorporated association under *Carden v. Arkoma Assocs*., 494 U.S. 185, 195-96 (1990).  *See Siloam Springs Hotel, L.L.C. v. Century Surety Co.*,781 F.3d 1233, 1237-38 (10th Cir. 2015).   The Complaint does not identify Plaintiff's members or allege their citizenship and, therefore, fails to demonstrate diversity of citizenship between the parties.  Thus, the Complaint does not establish a basis of federal jurisdiction.

---

[1] The Court has "an independent obligation to determine whether subject-matter jurisdiction exists" and may raise the issue *sua sponte* at any time.  *1mage Software, Inc. v. Reynolds & Reynolds Co*., 459 F.3d 1044, 1048 (10th Cir. 2006); *see Arbaugh v. Y&H Corp*., 546 U.S. 500 506 (2006).

IT IS THEREFORE ORDERED that Plaintiff is directed to file an amended pleading within 14 days of this date to cure the deficiency identified in this Order.

IT IS SO ORDERED this 5th day of March, 2021.

TIMOTHY D. DeGIUSTI
Chief United States District Judge